UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Gordon E. Campbell,

      Petitioner,

      v.                                    Civil Action No. 2:17-cv-120

Chittenden Probation Office and
Chittenden County State's Attorney,

      Respondents.

## REPORT AND RECOMMENDATION
(Docs. 3, 7, 9)

Gordon E. Campbell, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 against Respondents Chittenden Probation Office and the Chittenden County State's Attorney and a Motion to Appoint Counsel. (Docs. 3, 7.) In 2013, Campbell was convicted in state court of sexual assault and aggravated assault after entering two guilty pleas. Campbell seeks to vacate the judgment and requests assigned counsel. At the time he filed his petition, Campbell was on probation.

Campbell's Petition attacks the proceedings both in his underlying criminal case and in his second postconviction relief (PCR) case. (*See* Docs. 7, 10.) Reading Campbell's papers liberally, he appears to assert the following grounds for relief: (1) his first criminal counsel was ineffective for failing to pursue missing paperwork and failing to raise a claim that the state trial court committed a violation of

Vermont Rule of Criminal Procedure 11; (2) his second attorney following his first successful PCR case failed to pursue plea withdrawal; (3) the state hid evidence; (4) his due process rights were violated by an unduly suggestive identification procedure and because he did not see the opposing evidence; (5) his Sixth Amendment right to cross-examine witnesses was violated; (6) his *Miranda* rights were violated; (7) his Fourth Amendment rights were violated because evidence was seized without a search warrant; (8) he was forced to enter a new plea agreement because his "right[]s were taken" when he was not allowed to withdraw his plea (Doc. 7 at 11); (9) he did not want a new Presentence Investigation (PSI) report prepared; (10) the new PSI report contained false information; and (11) the participation by a detective in the investigation, who was later exposed as a drug addict, raises questions about the evidence. (Docs. 7, 10.) Campbell also claims that "[I] was not allowed to withdraw my plea from day one . . . [and] was told [I] had to take this deal and that [I] had no choice." (Doc. 10 at 2.)

In response to Campbell's Petition, Respondents[1] have filed an Answer and Motion to Dismiss, seeking to dismiss the Petition on several grounds. (Docs. 8, 9.) First, Respondents contend that the Petition should be dismissed because Campbell does not present a valid federal-law question or, assuming he does raise such an issue, the state court did not unreasonably apply federal law or base its decision on an unreasonable determination of the facts. (*Id.* at 7–8.) Second, Respondents

---

[1] The proper respondent in a habeas petition is the custodian of the petitioner. Thus, the Chittenden Probation Office and the Chittenden County States' Attorney's Office do not appear to be the proper respondents. However, neither entity seeks dismissal on this basis.

2

assert that Campbell's conclusory and unclear allegations are insufficient to state a viable claim for habeas relief under Rule 2(c) of the Rules Governing Section 2254 Cases, which state in relevant part that petitions filed under § 2254 must "state the facts supporting each ground." *Rules Governing Section 2254 Cases in the United States District Courts: 28 U.S.C.A. Foll. § 2254*, Postconviction Remedies Appendix B, Rule 2(c)(2) (June 2017 update); (*Id.* at 11–12.)

For the reasons explained below, I recommend that Respondents' Motion to Dismiss (Doc. 9) be GRANTED, Campbell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 7) be DISMISSED, and Campbell's Motion to Appoint Counsel (Doc. 3) be DENIED.

## Factual and Procedural Background[2]

### I.     2007 Conviction and First PCR Petition

In 2007, Campbell pleaded guilty to sexual assault, aggravated assault, and a violation of his conditions of release. The plea agreement limited the State to arguing for a sentence of 5 to 20 years. The court accepted the plea and sentenced Campbell to 30 months to 30 years.

In 2011, Campbell filed a PCR petition alleging several defects in the police investigation and counsel's performance. The PCR court concluded that because the sentencing court did not inform Campbell that he could withdraw his plea once it rejected the sentence in the plea agreement, Rule 11 of the Vermont Rules of Criminal Procedure was violated.

---

[2] This factual summary is largely derived from the Vermont Supreme Court's opinion in *In re Campbell*, No. 2016-054, 2016 WL 7367551 (Dec. 16, 2016).

In the summer of 2013, the PCR court vacated Campbell's sentence and remanded to the criminal division with leave for Campbell to withdraw his plea. The court declined to address Campbell's other claims that "police violated his Miranda rights, that he was subject to an unreliable identification, that police seized evidence without a warrant, and that he received ineffective assistance of counsel[,] . . . explain[ing] that if [Campbell] chose to withdraw his guilty plea in the criminal division, he could pursue those claims in that court." (Doc. 7-5 at 1.)

## II.   Remand to the Criminal Division

In the criminal division, the court initially refused to allow Campbell to withdraw his plea, taking the position that the civil division had authority to vacate the sentence but not to give Campbell leave to withdraw his guilty plea. The court ordered a new PSI report and a psychosexual report, scheduled a sentencing hearing, and invited Campbell to file a motion to withdraw his plea.

Subsequently, Campbell's counsel notified the court that the parties had agreed on a stipulated sentence and asked for a conference to review the terms and impose a sentence. To preserve his rights, Campbell's counsel also enclosed two motions, including a motion to withdraw Campbell's plea, to be considered if the court rejected the stipulated sentence. The court accepted the new plea agreement and Campbell's plea of guilty after a full Rule 11 colloquy and sentenced Campbell to the agreed-upon sentence. Accordingly, the court did not rule on the motion to withdraw the plea.

4

### III.    Second PCR Petition

In March 2014, Campbell filed a second PCR petition challenging his second conviction and sentence under the new plea agreement. Campbell challenged the police investigation, the validity of a warrant, the sentencing court's initial refusal to allow him to withdraw his plea and its ordering of a new PSI report over his objection, and the involvement of a detective with a drug problem in his case. The PCR court granted the State's motion for summary judgment, concluding: (1) by pleading guilty on remand, Campbell had waived his right to challenge the validity of the search warrant and alleged discovery violations; (2) the sentencing court had discretion to order a new PSI report and doing so was not grounds for relief; and (3) claims regarding the court's initial refusal to allow him to withdraw his plea were moot because he subsequently entered a new plea agreement. (Doc. 7-3.)

Campbell appealed to the Vermont Supreme Court arguing he was forced into accepting a new plea because the criminal division refused to allow him to withdraw his plea in accordance with the first PCR court's order. The court held the claim that the criminal division erred when it refused to allow him to withdraw his prior plea was moot because it allowed him to enter a new plea. With regard to Campbell's claim that the new plea agreement was invalid because he was forced to enter it, the court held Campbell failed to controvert the state's evidence—in the form of the plea colloquy transcript—that his plea was entered voluntarily. In December 2016, the Vermont Supreme Court concluded the PCR court properly

granted summary judgment to the State. *In re Campbell*, No. 2016-054, 2016 WL 7367551, at *2 (Dec. 16, 2016).

## IV. Petition for Writ of Habeas Corpus

In July 2017, Campbell filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 7.) As summarized above, Campbell claims multiple grounds for relief in his Petition relating to the investigation, his original plea and PCR petition, and his second plea and PCR petition. (Docs. 7, 10.)

## Analysis

### I. Motion to Dismiss

#### A. Legal Standard

Campbell's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to petitions filed by incarcerated[3] state court defendants seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Under this statute, a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). "[C]learly established Federal law" "refers to the holdings, as opposed to the

---

[3] Respondents concede Campbell satisfies the "in custody" requirement because he was on probation at the time he filed his Petition. (Doc. 9 at 7.)

6

dicta," of the Supreme Court's decisions "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). And a state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law," or decides a case differently than the Supreme Court on "materially indistinguishable" facts. *Williams*, 529 U.S. at 405. Relief is appropriate under the "unreasonable application" clause of § 2254(d)(1) "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Federal courts considering habeas petitions brought under § 2254 must give the state court's adjudication "a high degree of deference," *Yung v. Walker*, 341 F.3d 104, 109 (2d Cir. 2002) (citing *Brown v. Artuz*, 283 F.3d 492, 497 (2d Cir. 2002)), and the state court's "determination of . . . factual issue[s] . . . shall be presumed to be correct," 28 U.S.C. § 2254(e)(1); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (standard under § 2254 is "difficult to meet" and "highly deferential . . . for evaluating state-court rulings, . . . demand[ing] that state-court decisions be given the benefit of the doubt" (internal quotation marks omitted)). The petitioner has the burden of rebutting this presumption of the state court's correctness by "clear and convincing evidence." *Yung*, 341 F.3d at 109.

### B. Ineffective Assistance of Counsel Claims

Campbell claims his first criminal counsel was ineffective for failing to pursue missing paperwork and failing to raise the Rule 11 violation, and his second

attorney following his first successful PCR case was ineffective for failing to pursue the withdrawal of his plea.  These claims implicate Campbell's Sixth Amendment right to effective assistance of counsel.

Ineffective assistance of counsel claims are governed by the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Williams*, 529 U.S. at 390.  This landmark case constitutes the "clearly established Federal law" underlying an ineffective assistance of counsel claim.  28 U.S.C. § 2254(d)(1).  In *Strickland*, the Court established a two-prong test to determine whether a defendant's Sixth Amendment right to effective assistance of counsel has been violated.  First, under the "performance" prong, a petitioner must show that trial counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms."  *Strickland*, 466 U.S. at 688.  Second, under *Strickland's* "prejudice" prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 693–94; *see Lynn v. Bliden*, 443 F.3d 238, 248 (2d Cir. 2006).  Additionally, the Second Circuit "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (citing *United States v. Gordon*, 156 F.3d 376, 380–81 (2d Cir. 1998) (per curiam)).

8

The two-prong test set forth in *Strickland* for evaluating ineffective assistance of counsel claims applies to claims raised by defendants like Campbell who have been convicted pursuant to a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985); *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996). In these cases, the defendant must first show "that 'counsel's representation fell below an objective standard of reasonableness,'" *Coffin*, 76 F.3d at 498 (quoting *Strickland*, 466 U.S. at 687–88), and then "that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,'" *id.* (quoting *Hill*, 474 U.S. at 59). Thus, the prejudice inquiry regarding an ineffective-assistance claim in a guilty plea case "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process," *Hill*, 474 U.S. at 59, rather than on whether "the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694.

Establishing a claim for ineffective assistance of counsel is a "heavy burden" that, in the context of a § 2254 petition, is "enhanced by the added hurdle posed by the highly deferential review accorded state court adjudications under the . . . [AEDPA]." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003); *see Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) ("When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." (internal quotation marks omitted)).

Here, Campbell's first PCR petition successfully challenged his original plea. The court found a Rule 11 violation and vacated his sentence. There can be no prejudice from his first counsel's alleged errors where Campbell's case was remanded and he had a second opportunity to engage in the plea process. Accordingly, his first claim must fail.

With regard to his ineffective-assistance claim by his second counsel, counsel filed a motion to withdraw the plea. That motion was not adjudicated because Campbell entered a second guilty plea. Accordingly, Campbell suffered no prejudice from his second counsel's alleged error as he was able to effectively withdraw his first plea. Campbell's second claim must also fail.

### C.     Claims Relating to the Investigation

Campbell claims the state hid evidence, his due process rights were violated by the unduly suggestive identification procedure and because he did not see the opposing evidence, his Sixth Amendment right to cross-examine witnesses was violated, his *Miranda* rights were violated, and his Fourth Amendment rights were violated because evidence was seized without a search warrant. Each of these claims relate to the police investigation and alleged discovery violations.

"Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea." *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991). In *Tollett v. Henderson*, 411 U.S. 258 (1973), the United States Supreme Court explained that a knowing and voluntary guilty plea "represents a break in the chain of events which

has preceded it in the criminal process," and a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267. Thus, after pleading guilty, the defendant "may only attack the voluntary and intelligent character of the guilty plea." *Id.*; *see Hayes v. Lee*, No. 11-CV-1365 (KMK)(PED), 2015 WL 5943677, at *8 (S.D.N.Y. Oct. 13, 2015) ("Because [p]etitioner's plea was knowing and voluntary, [he] cannot assert pre-plea grounds for habeas relief . . . .").

Indeed, the second PCR court held Campbell waived the right to challenge issues such as the execution of the search warrant and alleged discovery violations by entering his guilty plea. (Doc. 7-3 at 2.) While Campbell conclusorily alleges he was "forced" to enter the second guilty plea, he does not point to any evidence contradicting the state court's factual determination, upheld on appeal to the Vermont Supreme Court, that he entered his plea voluntarily. Accordingly, Campbell's claims relating to the investigation prior to entry of his guilty plea fail to state a claim for habeas relief.

### D. Entry of Guilty Plea

Campbell claims he was forced to enter a new plea agreement because his "right[]s were taken" when he was not allowed to withdraw his plea. (Doc. 7 at 11.) As noted above, Campbell was effectively allowed to withdraw his plea when he entered the second plea and he has not pointed to any evidence supporting his allegation he was forced to enter the plea. Because Campbell pleaded guilty, he may only attack his guilty plea and he fails to demonstrate that it was not entered

11

voluntarily. Accordingly, Campbell has not met his burden to overcome the presumption that the state court decision is correct.

### E. Claims regarding the PSI Report

Campbell claims he did not want a new Presentence Investigation report prepared and the new PSI report contained false information. Campbell does not point to any "clearly established Federal law" underlying these claims. The PCR court held PSI reports are "at times mandated by statute and otherwise entirely discretionary with the judge. Ordering a PSI over the defendant's objection is not grounds for withdrawal of a plea." (Doc. 7-3 at 2.) Respondents argue Campbell's allegations are insufficient to state a viable claim for habeas relief under Rule 2(c) of the Rules Governing Section 2254 Cases. (Docs. 8, 9 at 12.)

A "presentence report is a matter of state law that does not implicate federal constitutional rights." *Roberts v. Superintendent, Groveland Corr. Facility*, 26 F. Supp. 2d 684, 686 (S.D.N.Y. 1998). "It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")). Accordingly, Campbell's claims regarding the PSI fail to state a claim for habeas relief as they are state law claims.

### F.     Participation by a Detective with a Drug Problem

Lastly, Campbell claims a detective who was later exposed as a drug addict participated in his case and that participation raises questions about the evidence. The state court held "it might have been significant had Campbell gone to trial or the court had otherwise made any rulings based upon [the detective]'s testimony or police work, it is irrelevant here because Campbell agreed that he did what he was charged with doing . . . by entering his plea Campbell waived any objections based upon [the detective]'s potentially flawed investigative work." (Doc. 7-3 at 3.) As with his other investigative claims, because Campbell's plea was knowing and voluntary, he cannot assert pre-plea grounds for habeas relief. *Lee*, 2015 WL 5943677, at *8. Accordingly, this claim also must fail.

### II.    Campbell's Motion to Appoint Counsel

Because Campbell fails to raise any issues in his Petition that would entitle him to relief, his Motion to Appoint Counsel (Doc. 3) should be denied as it is not in the interest of justice to provide him counsel. *See United States v. Moses*, No. 1:05-cr-133-jgm, 2014 WL 104012, at *17 (D. Vt. Jan. 9, 2014); *see also* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

## Conclusion

Campbell has failed to state a claim that the Vermont Supreme Court's decision denying him relief was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d)(1)–(2). For this and other reasons explained above, I recommend that Respondents' Motion to Dismiss (Doc. 9) be GRANTED and Campbell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 7) be DISMISSED. I also recommend that Campbell's Motion to Appoint Counsel (Doc. 3) be DENIED.

I further recommend that the Court refrain from issuing a certificate of appealability. In a § 2254 proceeding, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a certificate will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). I am unable to find that reasonable jurists could debate whether Campbell's Petition should have been resolved in a different manner.

Dated at Burlington, in the District of Vermont, this 24th day of April 2018.

/s/ John M. Conroy  
John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).