U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 AUG 31 PM 3: 51

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

GORDON E. CAMPBELL, )
)
Petitioner, )
)
v. ) Case No. 2:17-cv-120
)
CHITTENDEN PROBATION OFFICE and )
CHITTENDEN COUNTY STATE'S )
ATTORNEY, )
)
Respondents. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING RESPONDENTS' MOTION TO DISMISS,
DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**
(Docs. 3, 7, 9, & 12)

This matter came before the court for a review of the Magistrate Judge's April 24, 2018 Report and Recommendation ("R & R") (Doc. 12), in which the Magistrate Judge recommended that the court grant Respondents Chittenden Probation Office and Chittenden County State's Attorney's motion to dismiss self-represented Petitioner Gordon E. Campbell's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 7 & 9) and deny his motion to appoint counsel (Doc. 3). On May 9, 2018, Petitioner filed an objection to the R & R, reiterating his version of the factual bases supporting his petition.

**I.    Factual and Procedural Background.**

On or about July 11, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging he was "not allowed to withdraw [his] guilty plea and felt that [he] was [misrepresented] by [his] attorney." (Doc. 7 at 3.) He further contends that the underlying criminal proceeding in the State of Vermont Superior Court, Criminal Division contained Rule 11, Due Process Clause, and Fourth, Fifth, Sixth, and Fourteenth

Amendment violations. He requests that this court vacate and set aside his state court conviction and allow him to withdraw his guilty plea.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his objection, Petitioner challenges why the State of Vermont should be permitted to allegedly lie, allegedly lose his file, and engage in other alleged errors of fact and law while ignoring his mental health problems and forcing him into a plea agreement against his will. In support of his objection, he attaches the plea agreements at issue in his state case, court records and decisions, and the Pre-sentence Investigation Report dated December 6, 2013 (the "PSI") which contains extensive information regarding his state court offenses identified as "Sexual Assault-No Consent, Aggravated Assault, [and] Violations of Conditions of Release." (Doc. 13-8 at 1.)[1]

In his objection, Petitioner does not address the Magistrate Judge's conclusion that his claims are foreclosed because they have been adjudicated by the Vermont Supreme Court, *see In re Campbell*, 2016 WL 7367551, at *2 (Vt. Dec. 16, 2016), which decision cannot be disturbed by this court unless that decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the

---

[1] The PSI contains graphic, personal, and sexual information regarding both Petitioner and other individuals that is not relevant to the adjudication of Petitioner's claims. Petitioner may request that this exhibit of his objection be sealed.

2

Supreme Court of the United States[,]" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). The vast majority of Petitioner's challenges pertain to a plea agreement that was vacated in a proceeding for post-conviction review ("PCR").

In his fifteen page opinion, the Magistrate Judge carefully evaluated each of Petitioner's claims and determined that the relief Petitioner seeks is not available in the circumstances of this case. The court agrees with that conclusion and finds it well-reasoned. The court further agrees that the appointment of counsel would not make it more likely that Petitioner would prevail or raise different or better arguments than the wide array of issues he has raised *pro se*. *See* 18 U.S.C. § 3006A(a)(2)(B) (stating appointment of counsel for indigent petitioners should be granted if "the interests of justice so require[]").

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 12), GRANTS Respondents' motion to dismiss (Doc. 9), and DISMISSES Petitioner's § 2254 petition (Doc. 7). Petitioner's motion to appoint counsel is hereby DENIED (Doc. 3).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2018.

Christina Reiss, District Judge
United States District Court

3